# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:08-CV-3517-JOF |
| | : | |
| | : | CRIMINAL ACTION NO. |
| PHILIP BERNARD NORTH, | : | 1:06-CR-0300-JOF |
| | : | |
| Defendant. | : | |

## OPINION AND ORDER

The instant matter is before the court on Petitioner Philip Bernard North's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [47] and Motion to Proceed without Prepayment of Fees [46].

Petitioner was convicted of forgery in the first degree, robbery, and aggravated assault in the Superior Court of Fulton County, Georgia between 1986 and 1998. On April 12, 2007, Petitioner plead guilty to one court of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(e). On August 20, 2007, this court entered a judgment committing Petitioner to 180 months in prison and five years of supervised release. Petitioner did not appeal. Petitioner filed the instant motions on November 12, 2008.

Petitioner seems to be contending that he received ineffective assistance of counsel because the attorney who represented him during his state court proceedings did not inform him that his state court convictions could be used later to enhance his sentence in federal court. Petitioner maintains that his state court convictions were invalid and therefore cannot be used in determining his federal sentence.

It is well-settled law that collateral attacks on prior state convictions are generally prohibited in federal sentencing proceedings, and a petitioner may only raise challenges to his state court convictions in federal court when those state convictions were obtained in violation of defendant's right to counsel. *U.S. v. Phillips*, 120 F.3d 227, 231 (11th Cir. 1997) (citing *Curtis v. United States*, 511 U.S. 485 (1994)). A petitioner may attack his state court convictions in a state forum, and once he has successfully done so he may then seek to reopen and reduce his federal sentence. *See United States v. Walker*, 198 F.3d 811, 813 (11th Cir. 1999). A petitioner may not collaterally attack his state court convictions under section 2255 when he has failed to pursue or has pursued unsuccessfully the remedies available to overturn his convictions in state court. *See McCarthy v. U.S.*, 320 F.3d 1230, 1232 (11th Cir. 2003).

Therefore, Petitioner is barred from collaterally attacking his forgery, robbery, and aggravated assault convictions on grounds of ineffective assistance of counsel in this court.[1]

---

[1]Because Petitioner seems to be arguing that his state court counsel was ineffective, the court will presume that Petitioner had counsel in state court and does not fall into the

He must successfully attack these convictions in state court first. Petitioner's motion asks the court to "[h]old this Motion in abeyance until the state court vacate[s] his prior convictions that w[ere] used for enhancement for his sentence in his current federal sentence before the bar. Then vacate, set aside or correct this sentence." (Mot. at 13). The court is unable to determine from this statement whether Petitioner has moved to have his state convictions overturned or whether Petitioner wrongly believed that this court could overturn them.

A petitioner only has one opportunity to move for relief under 28 U.S.C. § 2255 without obtaining certification from a court of appeals. 28 U.S.C. § 2255(h). As such, this court is reluctant to construe the instant motion as a habeas petition when Petitioner may merely have meant to notify the court that he was in the process of attacking his state court convictions and planned to challenge his federal convictions in the future. Therefore, the court will construe the instant motion as a notice.

Of further note, a petitioner must file a request for relief under section 2255 within one year of the date on which his judgment of conviction became final unless he meets one of three exceptions. Petitioner's judgment of conviction became final on August 20, 2007, and Petitioner did not file the instant motion until November 12, 2008. In ruling upon

---

exception for petitioners who were convicted in violation of their right to counsel.

3

Petitioner's instant motion and in construing it as a notice, this court is making no judgments as to whether any future petition filed by Petitioner under section 2255 would be timely.

The court CONSTRUES Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [47] as a NOTICE and DIRECTS the Clerk of Court to indicate on the docket that it is no longer a pending motion. The court DENIES Petitioner's Motion to Proceed without Prepayment of Fees [46] as moot.

**IT IS SO ORDERED** this 14th day of April 2009.

s/ J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

4